W. R. FROGGE, Respondent, v. BIG JOE MINING & MILLING COMPANY, Defendant; E. H. BULLOCK, Appellant.

**Kansas City Court of Appeals, March 29, 1909.**

1. **CORPORATION: Judgment: Stockholder: General and Special Execution.** Where an execution is ordered against a stockholder to pay a judgment against the corporation where the former had not fully paid his stock it is not limited to any specific property, and in that sense is general, the only limitation is in confining the amount to the sum of the shareholder's unpaid stock; and where the unpaid subscription is much greater than the judgment no harm can result from the omission to limit.

2. ——: ——: ——: ——: **Pleading.** A motion for execution against a stockholder is held to sufficiently aver that he "was at the time of the judgment and still is, a shareholder," to admit evidence of that fact.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman*, Judge.

AFFIRMED.

*Vinton Pike* for appellant.

(1) The proceeding begun by this motion under section 985, was to obtain execution against a stockholder for unpaid stock. The court may award such process and control and supervise its execution. It cannot render a general personal judgment against the stockholder, which after lapse of term the court loses control of. Upon the record therefore, the judgment is erroneous. (2) This proceeding can be prosecuted only against stockholders who were such at the date of the original execution. McLaren v. Franciscus, 43 Mo. 452. (3) The evidence could not have proved more than is alleged, and the finding must have been

against evidence. The notion of the plaintiff appears to have been that, as he could not on this motion obtain execution against Dr. Bullock he could "throw it into equity" and recover judgment against him, a stockholder when the debt was incurred, as upon a bill in chancery by receiver or assignee in insolvency or by one creditor in behalf of all. This proceeding is special, summary, drastic, and can be pursued against a stockholder only, and not against one who may be in law or equity indebted or bound to the corporation's creditors.

*Allen, Gabbert & Mitchell* for respondent.

(1)   The motion filed in this case follows substantially section 985 of the Revised Statutes of 1899. Proof thereunder was ample and sufficient to sustain the issues raised by the motion and no contention is made by the appellant that this is not true. The court found those facts to be true. In so finding them to be true it was proper and necessary that he should state the amount which the defendant should be required to pay.   (2).   The case of McClaren v. Franciscus, referred to by appellant, can have no bearing upon this case.   It was asserted in the petition and found by the court to be true, that Bullock was the owner of twenty thousand dollars' worth of the capital stock of the Big Joe Mining & Milling Company at the time these debts were contracted at the time that judgment was secured against the Big Joe Mining & Milling Company for the indebtedness, and nowhere does it appear that Bullock ever changed the conditions by transferring his stock.

ELLISON, J.—This proceeding was begun against defendant Bullock as a stockholder in the defendant corporation, who had not paid his stock subscription. It is prosecuted under section 985, Revised Statutes 1899, and resulted in a judgment for the plaintiff.

Plaintiff obtained judgment against the defendant corporation for four hundred and fifty-one dollars, upon which he had an execution issued. The execution was returned no property found, whereupon he filed his motion in the circuit court where the judgment had been rendered for an execution against defendant Bullock, alleging the latter to be a stockholder in the corporation and that his subscribed stock to the amount of forty thousand dollars had never been paid. A trial was had on this motion and it was found by the court that defendant Bullock had not paid twenty thousand dollars of his subscription and judgment was rendered against him for the amount of the judgment against the corporation, and an execution ordered.

The complaint made by defendant Bullock is that the judgment or order on the motion against him is a general one and that his liability being special the judgment or order and execution should have been special. The objection is not well made. Bullock is liable up to the amount of his unpaid stock and as that is largely in excess of the judgment, no possible harm can result from a failure to limit the judgment and execution to the amount of such stock.

The execution against a stockholder is not limited to any specific property; in that respect it is general. It is a general execution limited in amount to the sum of the unpaid stock, and where the judgment against the corporation is for a greater amount than the unpaid subscription, it would be important for the protection of the stockholder that the execution be limited to the amount of his unpaid subscription. But when, as in this case, such unpaid subscription is much greater than the judgment, no harm can result from an omission to so limit it.

It is claimed that this proceeding can only be had against those who were stockholders when the execution was issued (McClaren v. Franciscus, 43 Mo. 452) and

that there was no showing that defendant Bullock had not transferred his stock. The motion charges that Bullock was a stockholder prior to September 1, 1906, the day suit was filed against the corporation. The record shows execution was not issued until August, 1907. The record further shows that "evidence was introduced by the respective parties sustaining and controverting the allegations of the motion." The idea advanced by defendant is that the proof could not have been beyond the allegations of the motion and therefore there was no evidence that Bullock owned the stock when execution was issued. Putting aside any question whether defendant should not have shown, in defense. that he had transferred his stock, we find that the motion itself contains more allegations than defendant has noticed. It alleges that he has never paid any of his stock; that he still owes for it, "that is to say, E. H. Bullock yet owes $20,000 upon his shares of stock." "Wherefore plaintiff prays an order of this court for execution," etc. We regard this as sufficient allegation of present ownership prior to and at the time execution was asked.

We find no error and the judgment was for the right party and should be affirmed. All concur.